UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

Jian LI and Ying XUE,

                Plaintiffs,

  -against-　　　　　　　　　　　　　　　MEMORANDUM AND ORDER
　　　　　　　　　　　　　　　　　　　　　　07 - CV - 3836
Michael CHERTOFF, as Secretary of the
United States Department of Homeland
Security, et al.,

                Defendants.

-------------------------------------------------x

GLASSER, United States Senior District Judge:

Plaintiffs Jian Li and Ying Xue have filed an action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, and the Mandamus Act, 28 U.S.C. § 1361, seeking a writ of mandamus directing the United States Citizenship and Immigration Service ("USCIS") to act on their pending applications for adjustments in immigration status, and an order reversing USCIS's decision denying Mr. Li's application for an adjustment. The Government opposes the requested relief on the grounds that the Court lacks subject matter jurisdiction over Mr. Li's claims[1] and because both plaintiffs' requests for equitable relief are moot. For the reasons stated below, plaintiff Jian Li's claims are dismissed for mootness and lack of subject matter jurisdiction, and plaintiff Ying Xue's request for a writ of mandamus directing USCIS to

---

[1] The Government did not make a separate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), nor does its memorandum of law in opposition to the Complaint speak explicitly in terms of subject matter jurisdiction. However, as discussed below, the prevailing case law cited by the Government states clearly that the failure to exhaust administrative remedies prior to commencing an action in district court deprives the court of subject matter jurisdiction over the action.

1

act upon her renewed application for adjustment of status is denied.

## BACKGROUND[2]

Li and Xue are a married couple of Chinese origin who presently reside in Jackson Heights, New York. Mr. Li and Mrs. Xue entered the United States legally on March 7, 1997, but failed to maintain lawful status from September 14, 1997, onward. At some unspecified time thereafter, Mr. Li's employer, Bestway Cleaners Company, filed an Application for Alien Employment Certification which gave him a priority date of April 24, 2001. Mr. Li contends that he is therefore eligible for an adjustment of status to that of a lawful permanent resident pursuant to section 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i). On March 19, 2003, Bestway Cleaners Company filed an Immigrant Petition for Alien Worker naming Mr. Li as a beneficiary, and on September 29, 2003, Mr. Li filed an Application to Register Permanent Residence or Adjust Status, and paid the $1000 fee required by INA § 245. Mrs. Xue filed an application for adjustment of status on April 27, 2004. Although Mrs. Xue is not employed, she claims to be entitled to a status adjustment pursuant to INA § 245 as a "derivative beneficiary" of Mr. Li's application. Compl. ¶ 5. In the Complaint, Mrs. Xue contends that USCIS has taken no action on her application for status adjustment since 2004; however, as discussed at greater length below, she now concedes that USCIS denied her initial application on July 21, 2006, but argues that a writ of mandamus should be issued compelling it to act on the motion to reconsider that decision that she filed on August 5, 2006.

---

[2] The following statement of facts and procedural history, which are generally undisputed by the Government, are drawn primarily from the plaintiffs' Complaint.

In June 2005, while his application for an adjustment of status was pending, Mr. Li obtained authorization from the director of USCIS's New York City office to travel to China to visit his dying grandfather. Mr. Li took two trips to China in 2005 and 2006, and re-entered the United States legally on both occasions. On July 20, 2006, USCIS denied Mr. Li's application for adjustment of status because he voluntarily departed and legally re-entered the United States while his application was pending. Mr. Li filed a motion to reconsider that decision on August 10, 2006. When no further action was taken, Mr. Li and Mrs. Xue commenced this action on September 13, 2007, seeking a declaration from this Court directing USCIS to act on the plaintiffs' applications and to reverse its earlier rulings by granting them both the status adjustments for which they initially applied. On November 20, 2007, USCIS issued an order denying Mr. Li's motion to reconsider, and commenced a removal proceeding against him.

## **DISCUSSION**
1. Mr. Li's Request to Compel USCIS to Act on his Motion for Reconsideration is Moot, and the Court Lacks Subject Matter Jurisdiction Over his Challenge to <u>USCIS's Denial of his Application</u>

As an initial matter, it is clear that the portion of Mr. Li's claim seeking a writ of mandamus to compel USCIS to take action on his motion to reconsider its prior order is now moot, because USCIS did so on November 20, when it denied that motion. See Gov. Mem. Ex. B. To the extent that Mr. Li seeks an order reversing USCIS's decision on the merits, the Court lacks jurisdiction over that claim because Mr. Li has not exhausted the available administrative remedies.

The Government argues that this Court lacks subject matter jurisdiction because Mr. Li has failed to exhaust the available administrative remedies regarding his

application for an adjustment of status. Specifically, the Government argues that even though USCIS denied his application and his motion for reconsideration, administrative options remain open to Mr. Li because he can challenge USCIS's decision before the Immigration Judge in the removal proceeding that is now pending against him. In support of that argument, the Government relies principally on Howell v. Immigration & Naturalization Serv., 72 F.3d 288 (2d Cir. 1995). In Howell, the plaintiff was a Jamaican citizen who, after entering the United States illegally, applied to the INS District Director for the New York District for an adjustment of status to that of a permanent lawful resident pursuant to § 245. Howell's application was denied, and the Government commenced deportation proceedings against her. Howell then commenced an action in this District seeking review of the INS's decision. Judge Weinstein granted the Government's motion to dismiss, finding that the district court lacked jurisdiction over the claim because Howell could challenge the INS's determination before the Immigration Judge during her deportation proceeding. Howell appealed the district court's ruling, and the Second Circuit affirmed, noting that "[u]nder the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself,'" and holding that "[i]f a party fails to exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist." 72 F.3d at 291 (quoting Guitard v. United States Sec'y of Navy, 967 F.2d 737, 740 (2d Cir. 1992)). The court recognized four exceptions to the rule that a plaintiff's failure to exhaust administrative remedies

deprives the district court of subject matter jurisdiction,[3] but found that none of those exceptions applied to Howell's case. The court therefore affirmed the district court's dismissal of Howell's action, holding that because she failed to exhaust the administrative remedies available through the INS, the district court lacked subject matter jurisdiction over her claim.

Howell is obviously closely analogous to this case, and the Court finds it highly persuasive. Li attempts to distinguish Howell on the ground that, while the plaintiff in that case was the subject of a removal proceeding when she filed her action in district court, Mr. Li was not subject to a removal action until after he commenced this action. He suggests, therefore, that because the Court had subject matter jurisdiction over this action at the time it was filed, it retains jurisdiction notwithstanding USCIS's later act of commencing a removal proceeding against him. The Court finds this distinction unpersuasive. Even if the Court had subject matter jurisdiction over Mr. Li's claim when the case was originally filed in September (which, as noted below, it likely did not), USCIS's act of commencing a removal proceeding in November deprived it of jurisdiction by opening avenues of administrative relief that were not available to Mr. Li in September. Although the Court's research has not uncovered a case in which an action was dismissed on the ground that the plaintiff failed to exhaust new administrative remedies that were not available to him at the time the action was commenced, the general principle that developments in a case subsequent to its initial

---

[3] "'Exhaustion of administrative remedies may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" Howell, 72 F.3d at 291 (quoting Guitard, 967 F.2d at 741).

commencement can deprive a court of subject matter jurisdiction even when the court had jurisdiction over the case at the time of commencement is well-settled.  For example, in diversity actions, subject matter jurisdiction can be lost if a non-diverse defendant is joined after removal, in which case the matter must be remanded to state court.  See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); Price v. J & H Marsh & McLennan, Inc., 493 F.3d 55 (2d Cir. 2007).  Likewise, in federal question cases, subject matter jurisdiction can be lost where the federal claim is withdrawn or dismissed, leaving only state law claims, and the district court declines to exercise supplemental jurisdiction over those claims.  See 28 U.S.C. § 1367(c)(3); Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004) ("[O]ur Court has held, as a general proposition, that 'if [all] federal claims are dismissed before trial. . . the state claims should be dismissed as well.'") (quoting Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir.1991)).  Moreover, it is not clear that this Court ever had subject matter jurisdiction over Mr. Li's challenge to the merits of USCIS's denial of his application.  When the case was commenced, the Court had jurisdiction over Mr. Li's application for a writ of mandamus to compel USCIS to take action on his motion for reconsideration, but not over his request to reverse the merits of USCIS's denial of his original application, because, since his motion for reconsideration was still pending, Mr. Li had not yet exhausted the administrative remedies available to him.  On the same day that USCIS denied his motion for reconsideration, rendering his request for a writ of mandamus moot, it also commenced the currently pending removal proceeding against

6

him, creating new opportunities for presenting his case to the administrative system. The commencement of the removal proceeding therefore did not <u>deprive</u> this Court of subject matter jurisdiction over Mr. Li's appeal of the merits of USCIS's decision, but rather prevented the Court from obtaining such jurisdiction.

     Mr. Li also argues that the Court should retain jurisdiction over the action because USCIS's denial of his motion for reconsideration and its commencement of a removal proceeding against him were undertaken with "retaliatory intent" and for the purpose of preventing the Court from obtaining jurisdiction.[4]  Reply Mem. at 6.  Li's argument fails for two reasons.  First, he offers no support for the untenable proposition that a defendant's lawful action which has the effect of divesting a district court of jurisdiction over a case is invalid if taken for a "retaliatory" purpose.  In support of his argument that this Court may retain jurisdiction where the government's action was retaliatory in nature, Li relies on two cases: <u>Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle</u>, 429 U.S. 274 (1977); and <u>Greenwich Citizens Comm., Inc. v. Counties of Warren & Washington Indus. Dev. Agency & Bd. of Supervisors of the County of Warren</u>, 77 F.3d 26 (2d Cir. 1996).  Neither case is remotely on point.  <u>Mt. Healthy</u> involved a claim by a former government employee who was allegedly terminated in retaliation for his exercise of the constitutionally protected right of free speech, while <u>Greenwich Citizens Committee</u> involved a claim that the defendant governmental entity had improperly

---

    [4]    Mr. Li frames this argument in part as a claim to an exception to the doctrine of exhaustion of administrative remedies, arguing that he should not be compelled to exhaust administrative remedies because his case raises a "substantial constitutional question"– namely, whether USCIS's commencement of a removal proceeding against him for the allegedly retaliatory purpose of divesting this Court of jurisdiction over this case violates his Fifth Amendment right to due process.  Reply Mem. at 5.  This argument is a frivolous attempt to re-cast Mr. Li's essentially equitable argument as a constitutional claim.

chilled the plaintiff citizens' association's free speech rights by bringing a counterclaim against the plaintiff in an earlier state court action. In the latter case, the Second Circuit held that the plaintiff could prevail only if it established that the government acted with retaliatory intent in bringing the counterclaim. Neither of these cases have any bearing on the question that Mr. Li presents to this Court: whether a federal district court can assert subject matter jurisdiction over an action where none would otherwise exist because of a defendant's purportedly bad-faith action taken for the purpose of avoiding federal jurisdiction. While the Court is highly skeptical that that proposition could ever be established, it need not pursue the matter further in this case for the second reason that Mr. Li's argument fails: he has offered no evidence whatsoever that USCIS's actions were a matter of "retaliation" against him for filing this lawsuit. To the contrary, his primary argument in support of his petition for a writ of mandamus is that USCIS's delay in acting on his motion for reconsideration "obviously exceeded the bounds of reasonableness in the time for adjudication" set by the APA. Compl. ¶ 12. Mr. Li is hardly in a position to now complain that USCIS gave him what he wanted by issuing a decision on that motion. While he argues extensively that the USCIS's decision was incorrect under the applicable law, that is an issue to be resolved through the administrative system established by Congress to adjudicate immigration issues; to permit an immigration plaintiff to bypass that system every time he argues that USCIS's decision was legally erroneous would effectively annul the administrative system for adjudicating immigration appeals in its entirety.

      The Court therefore finds that it lacks jurisdiction to take further action on Mr.

Li's Complaint.[5]

2. <u>Mrs. Xue's Request for a Writ of Mandamus Is Denied</u>

The Government does not argue that the Court lacks jurisdiction over Xue's action for a writ of mandamus compelling USCIS to act on her application for an adjustment of status, nor could it reasonably do so. See <u>Koren v. Chertoff</u>, No. 07-CV-157 (PCD), 2007 WL 1431948 (D. Conn. May 14, 2007) (slip copy) (court has federal question jurisdiction over claim that USCIS failed to process applications for adjustment of immigration status). The Government does argue, however, that Mrs. Xue's request is moot because "despite the plaintiffs' contention to the contrary, Xue's application for adjustment of status was denied by USCIS over a year ago, on July 21, 2006." Gov. Mem. at 3 (emphasis and footnote omitted). The plaintiff responds, however, that the Government's characterization omits important facts regarding the procedural history of her application to USCIS. Mrs. Xue concedes that USCIS initially denied her application on July 21, 2006, because she failed to appear for an interview on the previous day, but adds that she moved for reconsideration of that decision on August 5, 2006, explaining that a medical condition had prevented her from attending the interview in July, and that her husband had appeared on her behalf and explained the situation to a USCIS officer. See Reply Mem. Ex. C (letter renewing application for adjustment of status, copy of Mrs. Xue's physician's note requesting that her absence

---

[5] Mr. Li also argues that the Court should exercise jurisdiction over this case because "[i]t will definitely be a waste of time and judicial resources for this court to dismiss [this] case over which this court has already obtained subject matter jurisdiction. . . instead of forcing the plaintiff to go through another lengthy administrative proceeding[]. . . ." The Court need not dwell on this argument. Article III does not permit this Court to assert jurisdiction over a controversy where none exists simply for the sake of expediency.

from the July 20 interview be excused due to a medical condition). She further asserts that her motion was accompanied by the required $385.00 fee, and that USCIS responded by scheduling another interview for December 12, 2006. However, Mrs. Xue requested that the interview be postponed because she was waiting for a ruling in another case. See Reply Mem. Ex. D (USCIS notification of interview date and time with Mrs. Xue's handwritten request for a postponement). She asserts that USCIS has not contacted her to schedule another interview or taken any other action on her motion for reconsideration since December 2006. Thus, while the Complaint gives the impression that no action has been taken on Mrs. Xue's application since it was filed in 2004, her elaboration of the facts in her reply brief makes clear that her initial application was addressed, and her motion for reconsideration has been pending for only approximately one year, a delay due in part to Mrs. Xue's request for a postponement of the interview scheduled for December 12, 2006.

As an initial matter, even if Mrs. Xue's claim were otherwise meritorious, the Court would be inclined to deny it simply on the ground that her Complaint misrepresents the facts of the case in what can only be an intentional attempt to mislead the Court. The Complaint, filed in September 2007, unambiguously alleges that "[n]o decision has been made by the USCIS on Mrs. Ying Xue's Application to Register Permanent Residence or Adjust Status. . . since her Form I-485 was filed on April 27, 2004." Compl. ¶ 5. By Mrs. Xue's own admission in her reply brief, this allegation is not true; the Complaint makes no mention of the facts admitted in the reply brief, that USCIS denied Mrs. Xue's initial application in July 2006, more than a year before the Complaint was filed, and that her motion for reconsideration was filed in August 2006.

10

The Court's analysis could end at this point; however, because it is apparent that Mrs. Xue is not entitled to a writ of mandamus as to her pending motion for reconsideration of USCIS's denial of her application, the Court shall proceed to discuss the merits of her Complaint.

      The Mandamus Act grants this Court authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but the Court must bear in mind at all times that mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes,'" Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380 (2004) (quoting Ex parte Fahey, 332 U.S. 258, 259-60 (1947)), which should be "granted only in the exercise of sound discretion." Miller v. French, 530 U.S. 327, 339 (2000) (quoting Whitehouse v. Illinois Central R. Co., 349 U.S. 366, 373 (1955)). It is indisputable that USCIS bears a legal responsibility to act on Mrs. Xue's motion for reconsideration "within a reasonable time," as required by the APA, 5 U.S.C. § 555, but Mrs. Xue's Complaint fails to demonstrate that she is entitled to the extraordinary remedy of mandamus. Mrs. Xue points to Section 202 of the American Competitiveness in the Twenty-First Century Act ("Section 202"), 8 U.S.C. § 1571, which states that "it is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application," in support of her argument that the "reasonable time" within which USCIS is required to process her motion for reconsideration of the July 21, 2006, order "can not exceed 180 days." Pl. Mem. at 4. This Court does not interpret Section 202 as creating an automatic right to mandamus in the event that a decision on an immigration application is not made within 180 days.

Section 202 is an introductory section to Title II of that act, and is divided into two subsections, labeled "Purpose" and "Policy."  Its evident purpose is simply to provide context for the specific reforms to immigration administration provided for in later sections.  Courts have held that a statute's "use of the terms 'should' and 'the sense of Congress' indicate that the statute is merely precatory" and does not create an enforceable right.  <u>Monahan v. Dorchester Counseling Center, Inc.</u>, 961 F.2d 987, 994-95 (1st Cir. 1992); <u>see also</u> <u>Lyng v. Northwest Indian Cemetery Protective Ass'n</u>, 485 U.S. 439, 455 (1988) ("sense of Congress" joint resolution acknowledged to "not change any existing State or Federal law" and to "ha[ve] no teeth in it."); <u>Yang v. California Dept. of Social Servs.</u>, 183 F.3d 953, 961-62 (9th Cir. 1999) ("In the final analysis, the sense of Congress provision amounts to no more than non-binding, legislative dicta.").  Given the historical role of the writ of mandamus as an extraordinary remedy to be applied only in the sound judgment of the court, it is exceedingly unlikely that Congress intended Section 202 to implement a mechanical 180-day rule for the processing of applications for immigration benefits, or to give plaintiffs a right to a writ of mandamus in the event that the application is not resolved within that 180-day period.

Having determined that Section 202 does not create an automatic right for a writ of mandamus, the Court further concludes that Mrs. Xue has not established that USCIS's delay in processing her case is sufficiently unreasonable as to warrant the extraordinary relief she seeks.  As noted above, Mrs. Xue's motion for reconsideration has been pending only since August 2006, and she concedes that the delay in resolving that motion is due in part to her request for a postponement in December 2006.  In deciding whether to grant a writ of mandamus to compel an administrative agency to

take action on a particular case, the Court must consider, inter alia, "the importance of 'competing priorities' in assessing the reasonableness of an administrative delay"—specifically, whether compelling the agency to focus its attention on one case would force it to shift resources away from equally deserving applicants. Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1101 (D.C. Cir. 2003). The Court should also consider the extent of the delay in this case as compared to similar cases. A quick review of similar immigration cases reveals that the delay of approximately 16 months since Mrs. Xue's motion for reconsideration was filed is not remotely in the range that has been held by other courts to be "unreasonable" for purposes of the APA. See, e.g., Alkeylani v. Dep't of Homeland Sec., No. 07-CV-504 (PCD), 2007 WL 2800380 (D. Conn. September 20, 2007) (3-year delay in processing application for adjustment of immigration status unreasonable), Tang v. Chertoff, 493 F. Supp. 2d 148 (D. Mass. 2007) (4-year delay unreasonable); Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2006) (7-year delay unreasonable); but see Saleh v. Ridge, 367 F. Supp. 2d 508 (S.D.N.Y.2005) (5-year delay not unreasonable). Moreover, the reasonableness of delays in the resolution of administrative proceedings must be evaluated in the context of the allocation of resources and the amount of business pending before the relevant agency. While neither Mrs. Xue nor the Government provide specific statistics as to the work load of the New York City branch of USCIS, the Court feels confident in taking judicial notice of the fact that the immigration system in New York City is one of the busiest in the country.[6] Taken together, these

---

[6] See, for example, this Court's public website, which notes that the United States District Court for the Eastern District of New York "serves as a major port of entry and naturalizes as many new American citizens as any other court in the country." (available at http://www.nyed.uscourts.gov/

considerations clearly demonstrate that Mrs. Xue is not entitled to a writ of mandamus directing USCIS to resolve her pending motion for reconsideration of its decision denying her application.[7]

## **CONCLUSION**

For the reasons stated above, plaintiff Jian Li's claims against the Government are DISMISSED for mootness and lack of subject matter jurisdiction. Plaintiff Ying Xue's request for a writ of mandamus is DENIED. The District Clerk is directed to enter judgment for the defendants on all counts.

SO ORDERED.

Dated:  December 7, 2007
        Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Judge

---

General_Information/Mission_Statement/mission_statement.html).

[7] The Government also points out, plausibly, that because Mrs. Xue's claim to eligibility for an adjustment in status is entirely derivative of Mr. Li's claim, it would be futile to require USCIS to consider her motion for reconsideration before the removal proceedings against Mr. Li have been resolved.

On this day, copies of the foregoing were sent electronically to:

**Attorney for Plaintiffs**

Joe Zhenghong Zhou
Law Offices of Joe Zhou
36-09 Main Street, Suite 9b
Flushing, New York

**Attorney for the Defendants**

Margaret M. Kolbe
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820